B104 (FORM 104) (08/07)

FILED
FEB 09 2009  KT

09-10004

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) US District and Bankruptcy Courts | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS<br><br>Murray Waas | DEFENDANTS<br><br>Washington City Papers, Creative Loafing, Inc., Jason Cherkis and Erik Wemple |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>William Farley, Esq.<br>1350 Connecticut Ave., N.W., Ste 200<br>Washington, DC  20036 | ATTORNEYS (If Known)<br>Chad Bowman, Esq.<br>1050 Seventeenth St., N.W., Ste. 800<br>Washington, DC  20036 |
| PARTY (Check One Box Only)<br>☐ Debtor         ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor       ☒ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☒ Debtor         ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor       ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Defamation and invasion of privacy action against The City Paper, its owner and employees.

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☒ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☒ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Creative Loafing, Inc.; CL Washington, Inc. | BANKRUPTCY CASE NO.<br>8:08-bk-14939-CED, 8:08-bk-14960-CED | |
| DISTRICT IN WHICH CASE IS PENDING<br>Middle District of Florida | DIVISION OFFICE<br>Tampa | NAME OF JUDGE<br>Delano |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

SIGNATURE OF ATTORNEY (OR PLAINTIFF)

*[signature]*

| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) |
|---|---|
| February 9, 2009 | Chad R. Bowman |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.



**FILED**
FEB 0 9 2009
Clerk, U.S. District and Bankruptcy Courts

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DISTRICT OF COLUMBIA

| | |
|---|---|
| In re: | Consolidated Bankruptcy Case No. 8:08-bk-14939-CED |
| Creative Loafing, Inc. and CL Washington, Inc., | U. S. Bankruptcy Court, Middle District of Florida, Tampa Division |
| Debtors. | |
| Murray Waas, | Adversary Pro. 09-10004 |
| Plaintiffs, vs. | Chapter 11 |
| Creative Loafing, Inc., CL Washington, Inc., Erik Wemple and Jason Cherkis, | |
| Defendants. | District of Columbia Case No. 2008 CA 3580 Superior Court, District of Columbia |

## NOTICE OF REMOVAL

Defendants Creative Loafing, Inc. ("CL"), CL Washington, Inc. (incorrectly identified in the District of Columbia complaint by its business name, Washington City Paper) ("CL Washington"), Erik Wemple ("Wemple") and Jason Cherkis ("Cherkis") file this notice of removal of this case from the Superior Court, District of Columbia, where it is now pending, to the United States Bankruptcy Court for the District of the District of Columbia, pursuant to 28 U.S.C. §§ 157, 1334, 1446, and 1452, and Fed. R. Bankr. P. 9027(a). As grounds for removal of this action, defendants state as follows:

1. On May, 9 2008, Plaintiff Murray Waas commenced an action against Creative Loafing, Inc., CL Washington, Inc., Erik Wemple, Jason Cherkis and Michael Lenehan[1] in the Superior Court of the District of Columbia, Case No. 2008 CA 3580.

---

[1] Lenehan was dismissed, *sua sponte*, on September 12, 2008 and is no longer a party to the case. *See* Exhibit A.

2.    The Superior Court of the District of Columbia is embraced within this district pursuant to the language of 28 U.S.C. § 1452(a) and Fed. R. Bankr. P. 9027(a).

3.    Pursuant to D. Ct. L.B.R. 5011-1 and 28 U.S.C. § 157(a), the United States District Court for the District of District of Columbia automatically refers cases related to proceedings under Title 11 to the Bankruptcy Court. The local rule requires that "[a]ll papers filed in any such case or proceeding, including the original petition, shall be filed with the Clerk of the Bankruptcy Court and shall be captioned 'United States Bankruptcy Court for the District of Columbia,'" and defendants have so done herein. D. Ct. L.B.R. 5011-1.

4.    Copies of the District of Columbia Superior Court progress docket, all process and pleadings as well as other filings in the civil action are attached hereto as Exhibit "A," in accordance with Fed. R. Bankr. P. 9027(a)(1). In accordance with the guidelines of the Clerk's Office relating to Electronic Court Filing (ECF) procedure, an electronic copy of these documents is also being provided on CD-ROM.

5.    Plaintiff filed this action on May 9, 2008, and the Summons and Complaint were served upon defendants CL Washington, Inc., Wemple and Cherkis on August 18, 2008 and on defendant Creative Loafing, Inc. on August 20, 2008. *See* Exhibit A.

6.    On September 29, 2008, defendants CL and CL Washington, by counsel, filed a Voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code, in the United States Bankruptcy Court for the Middle District of Florida, Tampa Division (the "Bankruptcy Cases").[2] The action was automatically stayed as to CL and CL Washington on that date and the stay remains in effect. The Bankruptcy Cases are jointly administered with the cases of affiliates and entities under the lead case of *In re: Creative Loafing, Inc.*, Case No. 8:08-bk-14939-CED.

---

[2] In re: Creative Loafing, Inc., Case No. 8:08-bk-14939-CED; In re: CL Washington, Inc., Case No.8:08-bk-14960-CED.

2

7.  Thus, as to the debtors CL and CL Washington, this Notice of Removal is timely filed in accordance with Fed. R. Bankr. P. 9027(a)(2)(B). *See Shared Network Users Group, Inc. v. Worldcom Techs., Inc.*, 309 B.R. 446, 449 (E. D. Pa. 2004) (state court case removed while automatic stay in effect and before stay is terminated is timely under Fed. R. Bankr. P. 9027(a)(2)(B)).

8.  On November 6, 2008, the Superior Court dismissed, without prejudice, the action as to defendants Wemple and Cherkis. By order entered on January 12, 2009, the Superior Court reinstated the action.

9.  Thus, as to defendants Wemple and Cherkis, this Notice of Removal is timely filed in accordance with Fed. R. Bankr. P. 9027(a)(2)(A) because is was filed fewer than 90 days (excluding the days when the case was dismissed as to them) after filing of debtors' voluntary petitions under the Code and/or this notice is timely filed in accordance with Fed. R. Bankr. P. 9027(a)(3) because it has been filed within 30 days following reinstatement of the action against them.

10. The civil action brought by plaintiff alleges defamation against CL, CL Washington, Wemple and Cherkis. Wemple and Cherkis are, respectively, the editor and a staff writer of the Washington City Paper published by CL Washington.

11. Plaintiff's claims against the defendants in the instant case are "related to" Debtor's bankruptcy proceeding. 28 U.S.C. 1334(b). Specifically, because the outcome of Plaintiff's claims may potentially affect the administration of debtors' bankruptcy estates, subject matter jurisdiction is established and removal is proper. *See Advantage Healthplan, Inc. v. Potter*, 391 B.R. 521, 545 (D.D.C. 2008) (the test for "related to" jurisdiction is "whether the outcome of that proceeding could conceivably have any effect on the estate being administered

3

in bankruptcy") (internal quotations and citation omitted). The debtors' bankruptcy estates are affected by plaintiff's claims. Plaintiff seeks recovery from assets of the estate. His suit against debtor's key employees, the editor and a staff writer, diverts the attention of debtor's personnel assets away from reorganization of debtor's business and thereby interferes with administration of the bankruptcy estate. Although the state court action against debtors' is stayed, the case is moving forward against these employees and, as such, it depletes insurance proceeds that would otherwise be available to the debtors for defense of plaintiff's suit and, however unlikely, payment of damages. Moreover, information likely to be at issue in discovery is within the custody and control of CL Washington, and responding to discovery requests will serve as a further distraction from the reorganization of debtor's business and so should be conducted under the supervision of the Bankruptcy Court.

12. The civil suit brought by plaintiff is a core, related proceeding. This action has been properly removed, and this court has jurisdiction pursuant to 28 U.S.C. § 1446(a), 28 U.S.C. § 1334(b), 28 U.S.C. § 157(a), and Fed. R. Bankr. P. 9027.

13. A copy of this Notice of Removal is being filed with the District of Columbia Superior Court and served upon plaintiff in accordance with 28 U.S.C. § 1446(d) and Fed. R. Bankr. P. 9027.

14. Payment of appropriate fees and costs associated with this removal to federal court, if any, have been tendered or will be tendered as appropriate.

15. This notice is signed pursuant to Fed. R. Bankr. P. 9011.

WHEREFORE, defendants Creative Loafing, Inc., CL Washington, Inc., Erik Wemple and Jason Cherkis respectfully submit this Notice of Removal and request that the above-

referenced civil action now pending in the District of Columbia Superior Court be removed to the United States Bankruptcy Court for the District of the District of Columbia.

Dated: February 9, 2009

Respectfully submitted,

LEVINE SULLIVAN KOCH & SCHULZ, L.L.P.

By: /s/ Chad R. Bowman

Chad R. Bowman (Bar No. 484150)
1050 Seventeenth Street, N.W., Suite 800
Washington, D.C. 20036-5514
(202) 508-1100
Facsimile: (202) 861-9888

Of counsel:
David M. Snyder
DAVID M. SNYDER, P.A.
1810 S MacDill Avenue, Suite 4
Tampa, FL 33629-5960
(813) 258-4501
Facsimile: (813)258-4402

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DISTRICT OF COLUMBIA

| | |
|---|---|
| In re:<br><br>Creative Loafing, Inc. and CL Washington, Inc.,<br><br>                Debtors.<br><br>Murray Waas,<br><br>                Plaintiffs,<br>vs.<br><br>Creative Loafing, Inc., CL Washington, Inc.,<br>Erik Wemple and Jason Cherkis,<br><br>                Defendants. | Consolidated Bankruptcy Case No.<br>8:08-bk-14939-CED<br>U. S. Bankruptcy Court, Middle District of<br>Florida, Tampa Division<br><br>Adversary Pro. _____<br><br>Chapter 11<br><br><br>District of Columbia Case No. 2008 CA 3580<br>Superior Court, District of Columbia |

## CERTIFICATE OF MAILING

The undersigned certifies that a copy of the **NOTICE OF REMOVAL** has been served upon counsel of record by depositing the same in the United States Mail, first-class postage prepaid, on this the 9th day of February, 2009, addressed as follows:

William P. Farley, Esq.
Law Office of William P. Farley
1350 Connecticut Avenue, N.W., Suite 200
Washington, D.C. 20036

_____
Chad R. Bowman