IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DISTRICT OF COLUMBIA

**FILED**

FEB 17 2009

Clerk, U.S. District and Bankruptcy Courts

| | |
|---|---|
| In re:<br><br>Creative Loafing, Inc. and CL Washington, Inc.,<br><br>Debtors.<br><br>Murray Waas,<br><br>Plaintiffs,<br>vs.<br><br>Creative Loafing, Inc., CL Washington, Inc., Erik Wemple and Jason Cherkis,<br><br>Defendants. | Consolidated Bankruptcy Case No. 8:08-bk-14939-CED<br>U. S. Bankruptcy Court, Middle District of Florida, Tampa Division<br><br>Adversary Pro. 09-10004<br><br>Chapter 11<br><br>District of Columbia Case No. 2008 CA 3580<br>Superior Court, District of Columbia<br><br>Status Conference 9:30 a.m. March 24 |

## ANSWER OF DEFENDANTS
## ERIK WEMPLE AND JASON CHERKIS

Defendants Erik Wemple ("Wemple") and Jason Cherkis ("Cherkis") (collectively herein "defendants"), through counsel, pursuant to Fed. R. Bankr. P. 7012 and for their Answer to the Complaint, hereby respond as follows, using the same paragraph numbering and headings employed by the plaintiff:

### VENUE AND JURISDICTION

1. Defendants admit the allegations contained in Paragraph 1 of the Complaint.

2. Defendants admit the allegations contained in Paragraph 2 of the Complaint.

### THE PARTIES

3. Defendants lack sufficient information to form a belief as to the truth or falsity of the allegation that "Plaintiff Murray Waas resides at _____" (blank in original).

Defendants aver that the summonses served upon them in this action were returnable to Murray Waas ("Waas"), *pro se*, at 3720 35th St. N.W., Washington, D.C. 20016.

4. Defendants admit the allegations contained in Paragraph 4 of the Complaint.

5. In response to the allegations set forth in the first sentence of Paragraph 5 of the Complaint, defendants admit the allegation that Defendant Creative Loafing, Inc. is a Florida corporation with offices at 810 N. Howard Ave, Tampa, FL 33606. Defendants deny the allegations set forth in the second sentence of Paragraph 5 of the Complaint.

6. In response to the allegations set forth in Paragraph 6 of the Complaint, defendants admit that Michael Lenehan wrote for the City Paper and supervised the work of Cherkis and Wemple, as it related to the articles at issue in this lawsuit. Defendants deny the remaining allegations set forth in Paragraph 6 of the Complaint.

7. Defendants admit the allegations contained in Paragraph 7 of the Complaint.

8. Defendants admit the allegations contained in Paragraph 8 of the Complaint.

## FACTS

9. In response to the allegations set forth in Paragraph 9 of the Complaint, defendants admit that plaintiff is a journalist whose work has appeared in both local and national publications. Defendants deny the remaining allegations set forth in Paragraph 9 of the Complaint, including without limitation to the extent they purport to characterize plaintiff's reputation.

10. Defendants deny the allegations set forth in Paragraph 10 of the Complaint.

11. Defendants admit the allegation set forth in Paragraph 11 of the Complaint.

12. Defendants admit the allegation set forth in Paragraph 12 of the Complaint that the article "Murray Waas Against the World" was published in the City Paper. Defendants deny

2

the remaining allegations set forth in Paragraph 12 of the Complaint, including without limitation as to the date of publication.

13. To the extent the allegations set forth in Paragraph 13 of the Complaint purport to characterize the content of the article "Murray Waas Against the World," defendants deny the accuracy of those characterizations and submit that the content of the article speaks for itself.

14. Defendants admit the allegation set forth in Paragraph 14.

15. Defendants admit the allegation set forth in Paragraph 15 of the Complaint that the article "The Story Behind the Story" was published in the City Paper. Defendants deny the remaining allegations set forth in Paragraph 15 of the Complaint, including without limitation as to the date of publication.

16. To the extent the allegations set forth in Paragraph 16 of the Complaint purport to characterize the content of the article "The Story Behind the Story," defendants deny the accuracy of those characterizations and submit that the content of the article speaks for itself.

17. Defendants admit the allegation set forth in Paragraph 17 of the Complaint.

18. Defendants admit the allegation set forth in Paragraph 18 of the Complaint that the article "How I Became A Cancer Victim Hater" was published in the City Paper. Defendants deny the remaining allegations set forth in Paragraph 18 of the Complaint, including without limitation as to the date of publication.

19. To the extent the allegations set forth in Paragraph 19 of the Complaint purport to characterize the content of the article "How I Became A Cancer Victim Hater," defendants deny the accuracy of those characterizations and submit that the content of the article speaks for itself.

20. To the extent the allegations set forth in Paragraph 20 of the Complaint purport to characterize the content of the article "How I Became A Cancer Victim Hater," defendants deny the accuracy of those characterizations and submit that the content of the article speaks for itself.

21. To the extent the allegations set forth in Paragraph 21 of the Complaint purport to characterize the content of the article "How I Became A Cancer Victim Hater," defendants deny the accuracy of those characterizations and submit that the content of the article speaks for itself.

22. To the extent the allegations set forth in Paragraph 22 of the Complaint purport to characterize the content of the article "How I Became A Cancer Victim Hater," defendants deny the accuracy of those characterizations and submit that the content of the article speaks for itself.

23. To the extent the allegations set forth in Paragraph 23 of the Complaint purport to characterize the content of the article "How I Became A Cancer Victim Hater," defendants deny the accuracy of those characterizations and submit that the content of the article speaks for itself.

24. Defendants deny the allegations set forth in Paragraph 24 of the Complaint.

## COUNT 1

### Defamation

25. Defendants repeat and re-allege Paragraphs 1 through 24 of this Answer as if fully set forth herein in response to Paragraph 25 of the Complaint.

26. Defendants deny the allegations set forth in Paragraph 26 of the Complaint.

27. Defendants deny the allegations set forth in Paragraph 27 of the Complaint.

28. Defendants deny the allegations set forth in Paragraph 28 of the Complaint.

29. Defendants admit that plaintiff has demanded a jury trial.

## COUNT 2

### False Light Invasion of Privacy

30. Defendants repeat and re-allege Paragraphs 1 through 29 of this Answer as if fully set forth herein in response to Paragraph 30 of the Complaint.

31. Defendants deny the allegations set forth in Paragraph 31 of the Complaint.

32. Defendants deny the allegations set forth in Paragraph 32 of the Complaint.

33. Defendants deny the allegations set forth in Paragraph 33 of the Complaint.

34. Defendants admit that plaintiff has demanded a jury trial.

The unnumbered paragraph following Paragraph 34 of the Complaint contains conclusions of law, such that no response is required. To the extent that a response is deemed to be required, Defendants deny the allegations contained in the unnumbered paragraph.

Defendants deny each and every allegation of the Complaint not expressly admitted herein.

## DEFENSES

### First Defense

The summonses served upon defendants were invalid and void because the Clerk of the Superior Court was required to dismiss the complaint and was not authorized to re-issue process to plaintiff after plaintiff failed to file proof of service of process on defendants within 60 days after filing of his Complaint. Accordingly, the Court lacks jurisdiction over defendants due to defective and insufficient process.

### Second Defense

The Complaint fails to state a claim upon which relief may be granted.

### Third Defense

The publications at issue are not capable of the defamatory meaning attributed to them by plaintiff.

### Fourth Defense

The publications at issue are privileged as statements of opinion concerning an ongoing matter of public controversy.

### Fifth Defense

The publications at issue are privileged as fair and accurate reports of government proceedings.

### Sixth Defense

The publications at issue cannot reasonably be understood as statements of fact of and concerning the plaintiff.

### Seventh Defense

To the extent the publications at issue can reasonably be understood as statements of fact of and concerning the plaintiff, the statements are true or substantially true and plaintiff therefore cannot carry his burden of proving that the publications are false.

### Eighth Defense

At all times relevant to the Complaint, plaintiff was a public figure, and/or a limited purpose public figure.

### Ninth Defense

The publications in question all related to matters of substantial public interest and concern.

### Tenth Defense

Defendants acted without malice, in both the Constitutional sense and the common law sense, in all of its conduct relating to the publications at issue.

### Eleventh Defense

Defendants acted without the requisite scienter, in both the Constitutional sense and the common law sense, in all of their conduct relating to the publications at issue.

### Twelfth Defense

Defendants acted without fault as required by the United States Constitution in all of its conduct relating to the publications at issue.

### Thirteenth Defense

Plaintiff's claims are barred, in whole or in part, by the First, Fifth and Fourteenth Amendments to the United States Constitution and applicable law.

### Fourteenth Defense

Plaintiff's claims are barred, in whole or in part, by the libel-proof plaintiff doctrine.

### Fifteenth Defense

Plaintiff's claims are barred, in whole or in part, by the incremental harm doctrine.

### Sixteenth Defense

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### Seventeenth Defense

Plaintiff's claims are barred by considerations of public policy.

### Eighteenth-First Defense

Plaintiff has not sustained any actual injury by reason of defendants' conduct.

### Nineteenth Defense

Defendants' conduct was not the proximate cause of any injury to plaintiff.

### Twentieth Defense

Plaintiff's alleged damages, if any, are the result of his own conduct or the conduct of others beyond defendants' control and for whom defendants are not legally responsible.

### Twenty-First Defense

Plaintiff has failed to mitigate his damages as required by law.

### Twenty-Second Defense

By reason of the First, Fifth and Fourteenth Amendments to the Constitution of the United States, defendants are immune from liability for punitive damages under the circumstances alleged in the Complaint.

### Twenty-Third Defense

Plaintiff cannot recovery punitive damages under applicable law.

### Twenty-Fourth Defense

Plaintiff's complaint sounds in defamation and as such does not state an independent cause of action for False Light Invasion of Privacy.

### Twenty-Fifth Defense

To the extent an independent cause of action for False Light Invasion of Privacy may be recognized on allegations and facts identical to those for which a cause of action for defamation also is recognized, pursuant to common law and the First, Fifth and Fourteenth Amendments to the U.S. Constitution all defenses to the cause of action in defamation are fully applicable in defense of such a cause of action for False Light Invasion of Privacy. Accordingly, defendants

repeat and re-allege their first through twenty-sixth defenses in defense of plaintiff's claim of False Light Invasion of Privacy.

### Twenty-Sixth Defense

The publications at issue are not capable of being understood as casting plaintiff in a false light.

### Twenty-Seventh Defense

The publications at issue are not capable of being understood as being highly offensive to a reasonable person.

### Twenty-Eighth Defense

Defendants did not know the publicized matter was false.

### Twenty-Ninth Defense

Defendants did not act in reckless disregard as to the falsity of the publicized matter.

### Thirtieth Defense

Defendants did not know the publicized matter could place plaintiff in a false light.

### Thirty-First Defense

Defendants did not act in reckless disregard as to the alleged false light in which plaintiff could be placed through the publicized matter.

WHEREFORE, defendants Erik Wemple and Jason Cherkis request that the Court enter judgment in their favor and against plaintiff, award to defendants their costs, and grant to defendants such other and further relief as the Court may deem just.

Dated: February 17, 2009

Respectfully submitted,

LEVINE SULLIVAN KOCH & SCHULZ, L.L.P.

By: _____
Chad R. Bowman (Bar No. 484150)
1050 Seventeenth Street, N.W., Suite 800
Washington, D.C. 20036-5514
(202) 508-1100
Facsimile: (202) 861-9888

Of counsel:
David M. Snyder
DAVID M. SNYDER, P.A.
1810 S MacDill Avenue, Suite 4
Tampa, FL 33629-5960
(813) 258-4501
Facsimile: (813) 258-4402

*Counsel for Defendants
Erik Wemple and Jason Cherkis*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DISTRICT OF COLUMBIA

| | |
|---|---|
| In re:<br><br>Creative Loafing, Inc. and CL Washington, Inc.,<br><br>Debtors.<br><br>Murray Waas,<br><br>Plaintiffs,<br>vs.<br><br>Creative Loafing, Inc., CL Washington, Inc., Erik Wemple and Jason Cherkis,<br><br>Defendants. | Consolidated Bankruptcy Case No.<br>8:08-bk-14939-CED<br>U. S. Bankruptcy Court, Middle District of Florida, Tampa Division<br><br>Adversary Pro. 09-10004<br><br>Chapter 11<br><br>District of Columbia Case No. 2008 CA 3580<br>Superior Court, District of Columbia<br><br>Status Conference 9:30 a.m. March 24 |

## CERTIFICATE OF MAILING

The undersigned certifies that a copy of the **ANSWER BY DEFENDANTS JASON CHERKIS AND ERIK WEMPLE** has been served upon counsel of record by depositing the same in the United States Mail, first-class postage prepaid, on this the 17th day of February, 2009, addressed as follows:

William P. Farley, Esq.
Law Office of William P. Farley
1350 Connecticut Avenue, N.W., Suite 200
Washington, D.C. 20036

Chad R. Bowman